# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES BELL McCOY, #1299701,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-2714-D-BK** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for a writ of

habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge.  Upon

review of the relevant pleadings and law, and for the reasons that follow, it is recommended that

the habeas petition be summarily **DISMISSED** in part, and the remainder be **TRANSFERRED**

to the United States Court of Appeals for the Fifth Circuit.[1]

## I.  BACKGROUND

Petitioner was convicted of aggravated sexual assault of a child and was sentenced to 35

years' imprisonment.  *See State v. McCoy*, No. F02-021185 (292nd Jud. Dist. Ct., Dallas County,

2005), *aff'd*, No. 05-05-00458-CR (Tex. App. – Dallas 2007).  After unsuccessfully challenging

his conviction in state habeas proceedings, Petitioner was denied federal habeas relief.  *McCoy v.*

*Thaler*, 3:09-CV-405-K-BF, 2011 WL 4632869 (N.D. Tex. 2011), *accepting recommendation*,

2011 WL 4634993 (denying federal petition on merits), *certificate of appealability denied*, No.

---

[1] A habeas corpus petition under 28 U.S.C. § 2254 is subject to summary dismissal if it appears
from the face of the petition that the petitioner is not entitled to relief.  *See* Rule 4 of the Rules
Governing Section 2254 Cases in the United States District Courts (providing for summary
dismissal of habeas petition).

14-11021 (5th Cir. 2015); *McCoy v. Thaler*, No. 3:13-CV-878-K-BF, 2013 WL 1497050 (N.D. Tex. 2013), *accepting recommendation*, 2013 WL 1490484 (transferring successive application to the Court of Appeals for the Fifth Circuit).

In this action, Petitioner again challenges his underlying conviction, alleging ineffective assistance of counsel due to trial counsel's failure to raise an *ex post facto* defense and obtain character witnesses for sentencing. Doc. 15 at 6 (Claims 1-2). Petitioner also claims the Board of Pardon and Paroles (Board) committed *ex post facto* violations by setting off his next parole review for five years, instead of three years, and by increasing the number of votes required to grant parole. Doc. 15 at 7 (claims 3-4). The Texas Court of Criminal Appeals dismissed the first two grounds, pursuant to Tex. Crim. Proc. Code Ann. art. 11.07, as successive, and denied the remaining claims concerning the *ex post facto* application of parole laws as meritless. *See Ex parte McCoy*, No. WR-69,810-08 (Tex. Crim. App. Oct. 19, 2016).[2]

## II. ANALYSIS

### A. Successive Application Claims 1-2

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[2] The Texas Court of Criminal Appeals' order of denial/dismissal and the docket sheet are available online at http://www.search.txcourts.gov/Case.aspx?cn=WR-69,810-08&coa=coscca. The clerk's state habeas record is available online at http://courtecom.dallascounty.org/publicaccess/ (enter W0202115D in case number field).

convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the ineffective assistance of counsel claims raised in the first and second grounds. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, the first and second grounds should be transferred to the United States Court of Appeals for the Fifth Circuit.[3] *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

## B. Remaining Claims Lack Merit

Petitioner is not entitled to habeas corpus relief on his remaining claims unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[3] Although Petitioner raised the first claim in his original federal petition, he now presents different arguments in support of his claim. Doc. 2 at 12; Doc. 16 at 3-8

3

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the decision of the state court is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (*quoting Richter*, 562 U.S. at 102 786). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision, federal habeas relief should not be granted." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

    1.   *Ex Post Facto* Clause and New Parole Procedures

A statute violates the Ex Post Facto Clause only if it retroactively "effects [a] change in the definition of [petitioner's] crime" or "increases the 'punishment' attached to [petitioner's] crime." *Wallace v. Quarterman*, 516 F.3d 351, 354 (5th Cir. 2008) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 505 (1995)). Since Petitioner challenges changes in statutory provisions governing parole guidelines, only the latter analysis applies in his case. *See Wallace*, 516 F.3d at 354, 356 (interpreting statute amending parole procedure).

    a.   Five-Year Set Off – Claim 3

Petitioner asserts that at his last parole review he was given a five-year set-off based on a 2003 legislation that did not exist at the time of his offense, in violation of the *Ex Post Facto* Clause. Doc. 15 at 7; Doc. 16 at 11-14, citing to TEX. GOV'T CODE § 508.141(g), which

authorizes the Parole Board to issue a five-year parole set-off date for certain serious offenses. However, the Court of Appeals for the Fifth Circuit has recognized that laws giving the Board the ability to impose longer set-offs between parole reviews create only a speculative risk of increased punishment and do not violate the *Ex Post Facto* clause. *Morris v. Aycock,* 350 Fed. App'x 894, 897 (5th Cir. 2009); *Olstad v. Collier,* 326 Fed. App'x 261, 263 (5th Cir. 2009). Thus, Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or that it was an unreasonable determination of the facts based on the evidence in the record, and his claim fails.

   b.   Increase in the Number of Votes Required for Parole – Claim 4

   Petitioner also asserts that the Board violated the *Ex Post Facto* clause when it applied the current provisions of TEX. GOV'T CODE § 508.046, which requires an "extraordinary vote," or supermajority vote (two thirds of the seven-member Board), to parole a person convicted of aggravated sexual assault. Doc. 15 at 7; Doc. 16 at 15. Petitioner states that in 1991 at the time of his offense the Texas Government Code required only a simple majority -- two of the three-member Board.[4] *Id.*

   In *Wallace*, the Court of Appeals for the Fifth Circuit upheld the supermajority requirement of section 508.046 against a Texas prisoner's *ex post facto* challenge. 516 F.3d at 356. The appellate court explained that "[r]ules affecting eligibility for parole may violate the [*Ex Post* Facto] clause, but discretionary rules affecting suitability do not." *Id.* at 355. The court concluded that the voting requirements of section 508.046 affected suitability, not eligibility for parole. However, the court cautioned that "parole board 'discretion does not displace the *Ex*

---

[4] *Goodrich v. Livingston*, 294 Fed. App'x. 983, 984 and n. 1 (5th Cir. 2008) (summarizing amendments reducing Board size to seven and modifying voting rules).

*Post Facto Clause*'s protections,'" *Wallace,* 516 F.3d at 356 (quoting *Garner v. Jones,* 529 U.S. 244, 253 (2000)), and that a change in Board voting requirements "may create more than a 'speculative, attenuated risk of affecting a prisoner's actual term of confinement.'" *Wallace, 516 F.3d* at 356 (quoting *Morales,* 514 U.S. at 508-509). The Court held that, while the supermajority requirement "does not alone show a significant risk of increased confinement, a court must look to the specific facts of the case, <u>if a claimant has presented such facts</u>, to determine whether a new law produces a 'sufficient risk' of increased confinement." *Wallace,* 516 F.3d at 356 (emphasis added). Quoting the Supreme Court's holding in *Garner*, the Court held:

> When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule.

*Wallace,* 516 F.3d at 356 (quoting *Garner,* 529 U.S. at 255).

Here, as in *Wallace*, Petitioner does not reference any evidence indicating that retroactive application of section 508.046 will result in a longer period of incarceration for him. *See Wallace,* 516 F.3d at 356. The habeas petition merely asserts that the retroactive application of section 508.046 "harms the Petitioner because it can be presumed that legislators found that it is more onerous to convince 5 parole board members that he deserves parole than it is to convince 2 parole board members." Doc. 15 at 7. And while Petitioner requests the appointment of counsel and an evidentiary hearing "to place evidence into the record which would support the Petitioner's claim that applying the extraordinary vote to Petitioner's parole violates legislative intent," Doc. 16 at 17, he does not even proffer, much less establish, through competent evidence that he would be released on parole by a Board acting on a simple majority vote.

6

Thus, Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or that it was an unreasonable determination of the facts based on the evidence in the record, and this claim also fails.

### C. Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing to develop his third and fourth claims. Doc. 16 at 14, 17. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive claims in grounds one and two be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit, *see* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631, and that grounds three and four be summarily **DISMISSED WITH PREJUDICE**, *see* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**SIGNED** March 31, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8