**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES BELL McCOY, #1299701,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-2714-D** |
| | § | |
| **LORIE DAVIS, Director TDCJ-CID,** | § | |
| **Respondent.** | § | |

## <u>ORDER</u>

After making an independent review of the pleadings, files, and records in this case, and the findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

It is ordered that the successive claims in grounds one and two of petitioner's petition are transferred to the United States Court of Appeals for the Fifth Circuit, *see* 28 U.S.C. § 2244(b)(3), 28 U.S.C. § 1631, and that grounds three and four are summarily dismissed with prejudice, *see* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The requests in petitioner's April 10, 2017 letter to the court—to order the Dallas County's Clerk's office to produce certain documentation and to remand this case to the trial court for an evidentiary hearing—are denied.

An order transferring a successive application to the court of appeals is not a final order requiring a certificate of appealability. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015); *Brewer v. Stephens*, 605 Fed. Appx. 417 (5th Cir. 2015) (per curiam). Accordingly, the following denial of a certificate of appealability only applies to grounds three and four of petitioner's petition.

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S.473, 484 (2000).

If petitioner files a notice of appeal,

( )   petitioner may proceed *in forma pauperis* on appeal.

(**X**)   petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

May 30, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE